STEINMAN et al. v. HENRY MORGENTHAU CO. et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. BROKERS ⬳88—ACTION FOR COMMISSIONS—EVIDENCE.

    In a broker's action for a commission for the sale of a house, where the only evidence that the sale alleged to have been made by another broker, claiming the commission, was made to a dummy for the plaintiff's client, was incompetent as hearsay, the complaint should have been dismissed.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. ⬳88.]

2. EVIDENCE ⬳222—HEARSAY.

    In a broker's action for a commission, where it was contended that the sale to the daughter of his client made by another broker was colorable, and that she was a dummy for plaintiff's client, plaintiff's testimony that the client had told him that he was going to take title to the property in the name of a daughter, although he was purchasing it, was hearsay and incompetent.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 786–800, 803–808; Dec. Dig. ⬳222.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Phillip Steinman and another against the Henry Morgenthau Company, with Isadore Kashare interpleaded. Judgment for plaintiffs, entered upon the verdict of a jury, and defendant Kashare appeals. Reversed, and new trial granted.

See, also, 151 N. Y. Supp. 886.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph Rosenzweig, of New York City, for appellant.
Julius D. Tobias, of New York City, for respondents.

BIJUR, J.   Plaintiffs sued the corporate defendant for a commission for effecting the sale of a house to one Gerston.  The corporate defendant alleging that a claim for the same commission was made upon them by Kashare, interpleaded the latter, and paid the amount of the commission into court.

Plaintiff proved that it had brought the corporate defendant and Gerston together, that a proposed written agreement was drawn up, and all the terms agreed upon, except certain minor ones relating to the length of the term of a second mortgage which the vendor was willing to accept as part of the purchase money, and the terms as to the payment of principal and interest on said mortgage, but that on these points the parties failed to agree.  About two weeks later Kashare concluded an agreement between his wife and the vendor, in which the terms were what might be regarded as a compromise between the desires of the vendor and those of Gerston at the interview above referred to.

[1, 2] This, of course, would be immaterial, but for the claim of plaintiff that the sale to Mrs. Kashare was purely colorable, and that as a matter of fact she was a mere dummy for Gerston, whose daughter she was.  There is no direct proof that there existed any commercial relation between Mrs. Kashare and her father, and there is no claim that the vendor was cognizant that the transaction was colorable (if it was).  The learned court below charged the jury:

"*The only testimony* in this case which would tend to lead to that conclusion is the testimony of the plaintiff.  He says that this client of his (Gerston) told him that he was going to take title to this property in the name of another daughter in the first instance; although he was purchasing it, the title was to be in her.  They must establish by a preponderance of evidence that this purchaser here was a dummy."

Now, the testimony of the plaintiff as to the statement made to him by Mr. Gerston was duly objected to as being merely hearsay and not binding upon the defendant, and upon the objection having been overruled, due exception was taken, and a motion was made at the close of plaintiff's case to dismiss on the ground of failure to prove the cause of action.  The testimony was manifestly incompetent, and as, according to the instructions of the court, this was the only evidence adduced of the crucial fact necessary to be proved by plaintiff, the complaint should have been dismissed.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.